# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**GARFIELD JAMES BISHOP**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:10-CR-325

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
- ☒ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has had a continuous criminal history dating back to the early to mid-1980's. At the time he was arrested in Lansing where he was living with his girlfriend and their 18-year-old son, the police discovered, and his girlfriend confirmed, that he was operating a substantial marijuana grow operation (well in excess of anything that would be permitted under the state medical marijuana law even if the defendant had a license, which he cannot show that he does) and two weapons, one of which was a sawed-off shotgun. Defendant is a felon. Defendant admitted the guns and the marijuana belonged to him, and apparently pointed out that quality of the marijuana is very high. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant is a danger to the community. In this regard, defendant has not rebutted the presumption that he is a danger. Plaintiff's entire life has been a criminal record and there is no reason to believe he would not continue to use copious amounts of drugs (as he has apparently has when not incarcerated) and grow marijuana for sale and for himself, and commit other criminal violations to obtain funds to maintain his drug habit. (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 7, 2010

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

When police came to his house, defendant initially attempted to deny his identity. Several years ago defendant used an alias when charged with the use of marijuana.

On four occasions defendant has failed to appear for court or probation proceedings. The most recent was a failure to appear for an arraignment in Lansing on December 8, 2009. Further, as recently as 2008, defendant was convicted of fleeing police and assaulting, resisting and/or obstructing police.

Regarding a place to live, defendant is no longer welcome at his girlfriend's home, although his brother would be willing to take him in.

As far as employment is concerned, he has no prospects for meaningful employment until next spring or summer when he could do outdoor painting.

As far as substance abuse is concerned, defendant began drinking, smoking marijuana and using cocaine and hallucigens at the age of 13, and drank substantial amounts on a daily basis until 1995. It appears he stopped drinking but continued daily use of marijuana, cocaine and heroin for the next 15 years to the present day (although presumably not while he was incarcerated).

**Part II - Written Statement of Reasons for Detention** - (continued)

Arguably, defendant has rebutted the presumption regarding the risk that he is a danger of flight, but the government has nevertheless shown by a preponderance of the evidence that there is no condition or combination of conditions that will assure his presence in court in light of his lengthy criminal history, his four previous failures to appear, his convictions for fleeing and obstructing the police, his use of an alias when he was arrested for one marijuana charge, and his attempt to deny his identity at the time he was arrested on the present charges. While defendant does have two young children in the Lansing area, this has not caused him to cease criminal behavior. Defendant's oldest child is 13 years old and during her lifetime defendant has been convicted on 8 separate occasions. In regard to the present charges, defendant endangered his youngest child by living with him in a house where he was operating a marijuana grow operation, which was illegal in itself and may have been a target for other drug dealers, and maintained two illegal and dangerous weapons in the house.